JAMES YOUNG and PATSEY, his wife, and ANN TAYLOR *vs.* MARSHALL.

At common law words of inheritance were necessary in a deed of lands where the parties meant to convey an estate in fee.

The filing in the office of the clerk of the county of Onondaga, in the year 1794, of an assignment of a patent for military bounty lands, without words of inheritance, and of a conveyance of such lands by the assignee, is not legal notice to a subsequent purchaser of the reversion in those lands from the patentee.

EJECTMENT to recover lot No. 16 in the towship of Camillus, now town of Van Buren, containing 600 acres, tried at the Onondaga circuit in April, 1842, before MOSELEY, Cir. J The plaintiffs gave in evidence the award of the Onondaga commissioners dated December 29, 1798, awarding the lot to Stephen N. Bayard. Also a warranty deed of the lot from Bayard to Thomas Ritson, dated December 14, 1798. Ritson died thirty years ago, leaving the plaintiffs Patsey Young, the wife of James Young, and Ann Taylor, widow, his heirs at law.

The defendant gave in evidence a state patent for the lot

to William Ockerman, which passed the secretary's office October 6, 1790. Also the discharge of Ockerman from the American army by Gen. Washington, dated June 9, 1783. On the back of the discharge was indorsed a conveyance as follows: "For value received by me from William Cumming, I do assign unto the said Wm. Cumming all the benefits that is due to me either in lands or pay from the United States or the state of New York in any wise, in behalf of myself, my heirs, executors, administrators and assigns forever. In witness whereof I set my hand and seal this fourteenth day

of May, 1784. Wm. X Ockerman. (L. S.) In presence of
his
mark.

James Hays." A further conveyance was indorsed, bearing date April 25, 1791, by which Cummings conveyed the lot to James Hamilton, but without words of inheritance. These two deeds were filed September 22, 1794. Hamilton died in 1798 or 1799, being then, and having for two or three years before been insane. He left four children, Isaac, Rosanna, Sally and Molly. His daughter Rosanna married Caleb Seaman before she was twenty years old, and a short time before her father died. Sally married Jonas Forshee, and died leaving children. Molly married Isaac McDole, and died leaving children. Seaman and wife on the 24th March, 1828, conveyed an undivided fourth part of the lot to David Cook, and on the 29th day of the same month Isaac Hamilton conveyed all his interest in the lot to Cook. On the 25th of May, 1829, Seaman and his wife filed their dissent from the award of the Onondaga commissioners in the clerk's office of Onondaga county. On the 20th of February, 1830, Cook conveyed "the equal undivided three parts" of the lot to the defendant. William Cumming died about the year 1826.

The plaintiff then gave in evidence a quit claim deed of the lot from Ockerman, the patentee, to Jeremiah Van Rensselaer, dated August 28, 1795. Also a deed of the lot from Van Rensselaer to Stephen N. Bayard, dated August 22, 1796. Also a quit claim deed from David Cook of all his interest in the lot to the plaintiffs, dated August 20, 1836.

The judge decided that as there are no words of inheritance in the deed from Ockerman to Cumming it could only pass a life estate to the grantee; and that Ockerman having subsequently conveyed the fee to Van Rensselaer, Van Rensselaer and those claiming under him succeeded to the reversion of Ockerman on the death of Cumming, and consequently the plaintiffs were entitled to a verdict. Verdict accordingly, and the defendant now moves for a new trial on a case, with leave to turn it into a bill of exceptions.

*J. R. Lawrence,* for defendant.

*B. D. Noxon,* for plaintiff.

*By the Court,* BRONSON, J. The general rule is too well settled to be now called in question, that at the common law the word heirs is necessary in a deed of lands where the parties wish to create an estate of inheritance. If that word is not used nothing more will pass than an estate for the life of the grantee. There are some few exceptions to the rule, standing upon special reasons. (*Co. Litt.* 9 b, and 273 b, and 4 Kent., 5-7); but this if not among the number of excepted cases. It is no objection to the rule that it is as old as the feudal system, nor that it had its origin in the principles of feudal policy. We are not at liberty to depart from any settled rule of law, either because it is old, or because we do not approve of the reasons upon which it was originally founded. The legislature has altered this rule for the future (1 R. S., 748, § 1), but it has not undertaken the more than human task of altering it for the past.

As there were no words of inheritance in the deed from Ockerman, the patentee, to Cumming, the reversion in fee passed by Ockerman's deed to Van Rensselaer in 1795. Van Rensselaer conveyed to Bayard in 1796, and Bayard conveyed to Ritson in 1798. The plaintiffs are the heirs at law of Ritson, and the life estate of Cumming terminated on his death about the year 1826. The plaintiffs have thus established a complete claim of title, to which there can be no answer in a court of law. The conveyance to Cumming

may be sufficient as a declaration of trust to create an equitable estate in fee, which as between grantor and grantee would be enforced in a court of equity. *Fisher* v. *Fields*, 10 Johns., 495. *Higinbotham* v. *Burnet*, 5 Johns. Ch., 184. But should the defendant resort to chancery he could not succeed without showing that those who have acquired the legal estate from Ockerman had actual notice of the trust in favor of Cumming. It has been settled that the filing of his deed can not be regarded as legal notice to a subsequent purchaser. *Wendell* v. *Wadsworth*, 20 Johns., 659. And there is no pretence that either Van Rensselaer, Bayard or Ritson had actual notice of the deed to Cumming. But whatever may be the result of an appeal to another forum, it is enough for us that the plaintiffs have the legal title.

The view which has been taken of the case, renders it unnecessary to inquire whether the plaintiffs acquired a title under the award of the Onondaga commissioners.

New trial denied.